IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND


DAVID DEWAYNE JONES, JR.,                    *
        Petitioner,
    v.                                                            *              Civil Action No. PWG-14-473

WARDEN STOUFFER, *et al.*,                    *
        Respondents.

                            *****

MEMORANDUM

      On February 27, 2014, the Court received for filing this self-represented 28

U.S.C. § 2254 Petition for Writ of Habeas Corpus,[1] dated February 25, 2014.[2] Pet., ECF No. 1.

This is the first § 2254 petition filed by Petitioner, who was sentenced to a twenty-five year term

in the Circuit Court for Worcester County in 2009. Pet. 1. I ordered respondents to file a limited

answer as to the timeliness of the Petition, and granted Petitioner an opportunity to reply. Order

2–3, ECF No. 3. On April 23, 2014, Respondents filed an answer to the application for habeas

relief, ECF No. 4, solely addressing the timeliness of Petitioner's application. No reply was filed

and the time for doing so has passed.

      Documents show that in June of 2007, a jury convicted Petitioner of first-degree assault,

second-degree assault, reckless endangerment, and related handgun offenses in the Circuit Court

for Worcester County, Maryland. State Ct. Docket 9, Resp. Ex. 1, ECF No. 4-1. On June 12,

2007, Chief Judge Theodore R. Eschenburg of the Worcester County Circuit Court sentenced

Petitioner to a cumulative twenty-five year sentence on the first-degree assault and handgun

---

[1] The Petition was accompanied by a motion and affidavit to proceed in forma pauperis, ECF No. 2. The motion shall be granted in a separate Order.

[2] The docket reflects that Mr. Jones filed the Petition February 27, 2014. Affording the self-represented petition a liberal construction, the Petition will be deemed as "filed" on February 25, 2014, the date provided in Petitioner's Certificate of Service. *See Houston v. Lack*, 487 U.S. 266, 272–73 (1988) (petition is deemed filed on the date it was deposited with prison authorities for mailing under the "prison mailbox" rule).

offenses. *Id*. at 10.   The remaining convictions were merged. *Id*.  In an unreported opinion issued on February 20, 2009, the Court of Special Appeals of Maryland affirmed the conviction. Resp. Ex. 2, ECF No. 4-2.   The Court of Appeals of Maryland denied Petitioner's writ of certiorari on May 8, 2009.  *Id*.  Therefore, Petitioner's state court judgment of conviction became final on August 6, 2009, when the time for seeking certiorari review in the United States Supreme Court expired.  *See* S. Ct. R. 13.1 (requiring petition for writ of certiorari to be filed within ninety days of date of judgment from which review is sought); *Clay v. United States*, 537 U.S. 522, 525 (2003) (state judgment becomes final for habeas purposes when the time expires for filing a petition for writ of certiorari to the Supreme Court or ninety days following the decision of the state's highest court).

On December 8, 2009, Petitioner filed a petition for post-conviction relief in the Circuit Court for Worcester County.  State Ct. Docket 13–15.  Circuit Court Judge Thomas C. Groton, III, held a post-conviction hearing on July 9, 2010, and denied post-conviction relief on September 9, 2010.  *Id*. at 4, 13.  Petitioner's application for leave to appeal this ruling was summarily denied by the Court of Special Appeals of Maryland on April 25, 2013.  The mandate was issued on May 28, 2013.  *Id.* at 17; Resp. Ex. 3, ECF No. 4-3.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), when filing a federal habeas corpus petition pursuant to 28 U.S.C. § 2254, defendants convicted in state court on non-capital offenses are subject to a one-year statute of limitations.  *See* 28 U.S.C. § 2244(d).[3]

---

[3] This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-

Petitioner, whose conviction became final on August 6, 2009, had one year from that date to file his petition in this Court.  He is entitled to statutory tolling of the one year period under 28 U.S.C. § 2244(d)(2), during the period his post-conviction petition remained pending.  When affording a liberal construction, however,  no state post-conviction petition was pending to toll the limitation period under § 2244(d)(2) from August 7, 2009, to December 8, 2009 (123 days), when Petitioner filed his petition for post-conviction relief, and May 29, 2013, to the February 25, 2014 filing date of this Petition (273 days).  This tolled period totals 396 days.  Thus, this Petition was filed outside the one-year statute of limitations period.

Petitioner offers no explanation for the late filing and the Court finds no grounds for equitable tolling.  His habeas corpus Petition is time-barred under 28 U.S.C. § 2244(d)(1)(A)–(D) and shall be dismissed and denied with prejudice by separate order.

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability ("COA")  should issue when the prisoner shows, at least, that . . . jurists of reason would find it debatable whether the district

---

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.  Petitioner does not satisfy this standard, and the Court declines to issue a certificate of appealability.


Dated: <u>June 16, 2014</u>                                                    <u>              /S/                    </u>
                                                                                              Paul W. Grimm
                                                                                              United States District Judge